**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (SBN: 278521)
sweerasuriya@attorneysforconsumers.com
Adrian R. Bacon, Esq. (SBN: 280332)
abacon@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

*Attorneys for Plaintiff,*

**UNITED STATES SUPERIOR COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LINDA MATLOCK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**FAIRWAY CAPITAL RECOVERY, LLC,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **CALIFORNIA PENAL CODE § 632 [CLASS CLAIM]; AND,**<br>(2) **NEGLIGENCE PER SE [CLASS CLAIM]**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

18. LINDA MATLOCK ("Plaintiff") brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of FAIRWAY CAPITAL RECOVERY, LLC, and its related entities, subsidiaries and agents ("Defendant") in willfully employing and/or causing to be employed certain recording equipment in order to record to the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in violation of California

Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his attorneys.

19. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the surreptitious recording to break California or any other law, or to invade the privacy right of any other person. Plaintiff alleges that despite California's two-party consent rule, Defendant continues to violate Penal Code § 632 by impermissibly recording its telephone conversations with California residents.

20. In addition, the California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

**JURISDICTION AND VENUE**

21. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of

Defendant, a company with its principal place of business and State of Incorporation in Ohio state. Furthermore, "CAFA vests district courts with original jurisdiction over class actions when the aggregate amount in controversy for all putative class members exceeds $5 million (exclusive of interest and costs) and when any member of the putative class of plaintiffs is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).

22. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the State of California and Plaintiff resides within the County of Long Beach.

## PARTIES

23. Plaintiff is a natural person residing in Los Angeles County in the State of California.

24. At all relevant times herein, Defendant was a company engaged, by use of the mails and telephone, in the business of collecting a debt which qualifies as a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined RFDCPA, Cal Civ Code §1788.2(c).

25. Defendant is in the business of purchasing consumer debts and collecting thereon.

## FACTUAL ALLEGATIONS

26. On or around February 4, 2014, Defendant contacted Plaintiff at her place of employment in an attempt to collect an alleged outstanding debt. Defendant contacted Plaintiff from telephone number (800)735-7952.

27. During this process, Defendant contacted and communicated with Plaintiff via telephone in connection with Defendant's attempts to collect the alleged debt owed. Defendant recorded the calls, wherein it was attempting to collect the debt from Plaintiff, without informing Plaintiff. At no time did

Plaintiff ever provide actual or constructive consent to Defendant to record the telephone calls.

28. The contents of the call/s between Defendant and Plaintiff that were recorded by Defendant were confidential in nature due to the fact that private financial information was discussed including but not limited to the alleged debt that Plaintiff owed.

29. At no point did Plaintiff have a reasonable expectation that any of the calls with Defendant, that were initiated by Defendant, were being recorded especially because such private and sensitive subjects, including but not limited to an alleged debt owed was being discussed. Had Plaintiff known that the conversation was being recorded by Plaintiff she would conducted herself differently on the telephone.

30. It is Defendant's pattern and practice to record outgoing calls made to California residents. The calls are about individuals' finances and debt. Defendant does not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded. Plaintiff was unaware that the phone calls Defendant made to her in California, allegedly to collect a debt, were recorded. There was no pre-call recorded message. The Defendant's representatives never informed Plaintiff that the calls were being recorded.

31. Defendant does not inform, or warn, the California residents, including Plaintiff, that the telephone calls may be or will be recorded. Plaintiff was unaware that the phone calls Defendant made to her in California, allegedly to collect a debt, were recorded. There was no pre-call recorded message. The Defendant's representatives never informed Plaintiff that the calls were being recorded.

32. Plaintiff did not learn that Defendant recorded the phone calls it made in attempting to collect an alleged debt from Plaintiff until after the even occurred.

**ACCRUAL OF RIGHTS TO PRIVACY CLAMS, CONTINUING VIOLATION, EQUITABLE TOLLING, AND FRAUDULENT CONCEALMENT**

33. Plaintiff did not discover, and could not discover through the exercise of reasonable diligence, the fact that Defendant was recording the phone calls it made to Plaintiff and members of the California Class without their knowledge or consent.

34. Defendant concealed from Plaintiff and members of the California Class that it was recording the telephone calls between itself on the one hand and Plaintiff or other members of the California Class on the other hand.

35. Defendant concealed the fact that it was recording the afore-mentioned phone calls to create the false impression in the minds of Plaintiff and members of the California Class that they were not being recorded. At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded. Such warnings are ubiquitous today.

36. Plaintiff was justified in not bringing the claim earlier based on Defendant's failure to inform Plaintiff and other members of The Class that the phone calls were being recorded.

**CLASS ALLEGATIONS**

37. Plaintiff brings this action on behalf of himself and on behalf of all others similarly situated ("The Class").

38. Plaintiff represents, and is a member of, "The Class" defined as follows: "All persons in California whose inbound and outbound telephone

conversations were recorded without their consent by Defendant within one year prior to the filing of the original Complaint in this action."

39. Defendant, and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believe this number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

40. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and The Sub-Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of The Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual Class members, including the following:

   a. Whether Defendant has a policy of recording outgoing calls;
   b. Whether Defendant discloses to callers and/or obtains their consent that their outgoing telephone conversations were being recorded;
   c. Whether Defendant's policy of recording outgoing calls constituted a violation of California Penal Code §§ 632(a); and, 637.
   d. Whether Plaintiff, and The Class, were damaged thereby, and the extent of damages for such violations; and

  e. Whether Defendants should be enjoined from engaging in such conduct in the future.

27. Plaintiff is asserting claims that are typical of The Class because every other member of The Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to California Penal Code § 637.2(a).

28. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest antagonistic to any member of The Class. Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

29. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION
## INVASION OF PRIVACY: VIOLATION OF PENAL CODE § 632
### [BY PLAINTIFF AND THE CLASS MEMBERS AGAINST ALL DEFENDANTS]

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Californians have a constitutional right to privacy. Moreover, the California Supreme Court has definitively linked the constitutionally protected right to privacy within the purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code § 632. "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1) was enacted in part specifically to protect California from overly intrusive business practices that were seen to pose a significant and increasing threat to personal privacy. (Citations omitted). Thus, Plaintiff believes that California must be viewed as having a strong and continuing interest in the full and vigorous application of the provisions of section 632 prohibiting the recording of telephone conversations without the knowledge or consent of all parties to the conversation.

34. California Penal Code § 632 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other party. Penal Code § 632 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed that the telephone call was recorded. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requisite intent on behalf of the party doing the

surreptitious recording to break California law or any other law, or to invade the privacy right of any other person.

35. Plaintiff is informed and believes, and thereupon alleges, that Defendant employed and/or caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

36. Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

37. Said recording equipment was used to record the telephone conversations of Plaintiff and the members of The Class, all in violation of California Penal Code § 632.6(a).

38. At no time during which these telephone conversations were taking place between Defendant or any employee, agent, manager, officer, or director of Defendant, and any other person, did Defendant inform Plaintiff or any other member of The Class that the recording of their telephone conversations were taking place and at no time did Plaintiff or any other member of The Class consent to this activity.

39. Defendant, knowing that this conduct was unlawful and a violation of Plaintiff and the members of The Class' right to privacy and a violation of California Penal Code § 630, *et seq.*, did intrude on Plaintiff and the members of The Class' privacy by knowingly and/or negligently and/or intentionally engaging in the aforementioned recording activities relative to the telephone conversations between Plaintiff and The Class members, on the one hand, and Defendant on the other hand, as alleged herein above.

40. Based on the foregoing, Plaintiff and the members of The Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 637.2.

41. Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and The Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## SECOND CAUSE OF ACTION

## NEGLIGENCE PER SE

## [BY PLAINTIFF AND THE CLASS MEMBERS AGAINST ALL DEFENDANTS]

42. Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

43. Defendant violated applicable statutory law, including but not limited to California Penal Code § 632, which precludes the recording of telephone calls without all parties' consent to and knowledge of the recording.

44. The foregoing statute(s) were designed to protect the class of persons which includes Plaintiff and The Class. It was for Plaintiff and The Class members' protection that said statute was adopted, and the statute was designed to protect against the very kind of conduct perpetrated by Defendant as against Plaintiff and The Class. Furthermore, the resulting harm suffered by Plaintiff and The Class herein was caused by violation of the aforementioned statute.

45. Thus, in acting and in failing to act as aforementioned, in violation of the afroremented statute, Defendant was negligent per se.

46. As a direct and proximate result of Defendant's violations of California Penal Code § 632, Plaintiff and the members of The Class have suffered injury, and may recover from Defendant five thousand dollars ($5,000) for each violation of California Penal Code § 632 pursuant to California Penal Code § 637.2(a).

///

///

///

## PRAYER FOR RELIEF

### CLASS CLAIMS

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff, The Class and The Sub-Class members the following relief against Defendant:

47. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

48. For the greater of statutory damages of $5,000 per violation or three times actual damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

49. For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each member of The Sub-Class;

50. Injunctive relief in the form of an order requiring Defendant to disgorge all ill-gotten gains and awarding Plaintiff, The Class and The Sub-Class full restitution of all monies wrongfully acquired by Defendant by means of such unfair and unlawful conduct;

51. That the Court preliminarily and permanently enjoin Defendant from recording each and every oncoming and outgoing telephone conversation with California resident, including Plaintiff and The Class, without their prior consent, as required by California Penal Code § 630, *et seq.*, and to maintain the confidentiality of the information of Plaintiff and The Class;

52. For exemplary or punitive damages;

53. For costs of suit;

54. For prejudgment interest at the legal rate; and

55. For such further relief as this Court deems necessary, just, and proper.

///
///
///
///

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**LAW OFFICES OF TODD M. FRIEDMAN**

By: s/Todd M. Friedman
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF

PROOF OF SERVICE